IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| GARY DAVIS,<br><br>    Plaintiff<br><br>    vs.<br><br>WARDEN DERICK OBERLANDER, SECURITY LIEUTENANT DAVIS, MRS. CROTHER, UNIT E MANAGER; COPCHECK, AM SERGANT; GHRAM, PM SERGANT; CORRECTIONAL OFFICER MORGAN, CORRECTIONAL OFFICER REED, IAN GUSTAFSON, SCI FOREST P.R.E.A. COORDINATOR;<br><br>    Defendants | 1:22-CV-00219-RAL<br><br>RICHARD A. LANZILLO<br>CHIEF UNITED STATES<br>MAGISTRATE JUDGE<br><br>ORDER STRIKING PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT<br><br>IN RE: ECF NO. 41 |

    Plaintiff Gary Davis ("Davis") has filed a motion for summary judgment and a document captioned "Statement of Disputed Facts." ECF Nos. 41, 42. Upon review, the motion is dismissed for failure to comply with Rule 56 of the Federal Rules of Civil Procedure, this Court's Local Rule 56.1, and the Practices and Procedures of the undersigned. *See, e.g., Moses v. United Parcel Service, Inc.*, 2022 WL 3566110, at *1 (W.D. Pa. Aug. 18, 2022).

    Initially, the Court observes that the motion is not a proper motion for summary judgment insofar as it does not identify any sound basis in law for the Court to enter judgment for Davis. Rule 56 of the Federal Rules of Civil Procedure states that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In his motion, Davis provides no basis to grant summary judgment on the claims in his complaint. For example, he fails to address any evidence that relates to his underlying claims. Nor does Davis attempt to

1

show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.  Rather, Davis' motion is restatement of some factual allegations from his complaint, citation to various sources, and a request for the Court to enter judgment.  *See generally* ECF No. 41.

Davis' Statement fails to comply with our Local Rule 56.B.1.  Local Rule 56 requires a party to separately file a

> concise statement setting forth facts essential for the Court to decide the motion for summary judgment, which the moving party contends are undisputed and material, including any facts which for purposes of the summary judgment motion are assumed to be true.  The facts set forth in any party's Concise Statement shall be stated in separately numbered paragraphs.  A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file, or other part of the record supporting the party's statement, acceptance, or denial of material fact.

LCvR 51.B.1.  Davis' Statement is more than seventy pages of unsupported allegations, citation to constitutional and statutory provisions, and pages of exhibits which include requests to staff members (DC-135A), grievances, and copies of Department of Corrections policies, prior orders of this Court, and procedures.  *See* ECF No. 42; ECF No. 42-1.

Finally, Davis has failed to file a Memorandum in Support of his purported motion as is required by Local Rule 56.B.2.

Therefore, and in light of the foregoing, Davis' motion and statement are dismissed, without prejudice.  So ordered this 28th day of February, 2023.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE